UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES of the SHEET METAL WORKERS' LOCAL UNION NO. 28 FUNDS and PLANS, individually named herein as SHEET METAL WORKERS' LOCAL UNION NO. 28 VACATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 WELFARE FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 ANNUITY FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 PENSION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 JOINT LABOR MANAGEMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 EDUCATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SCHOLARSHIP FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 ASSESSMENTS FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 POLITICAL ACTION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 BUILDING FUND, and INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS' LOCAL UNION NO. 28, AFL-CIO,

Civil Case No.: 20-cv-10094

**COMPLAINT**

          Plaintiffs,

-against-

JT&T AIR CONDITIONING CORP.,
          Defendant.
------------------------------------------------------------------------X

  Plaintiffs, by their attorneys, COLLERAN, O'HARA & MILLS L.L.P. complain of Defendant as follows:

### JURISDICTION AND VENUE

  1.  Jurisdiction is conferred upon this court by the Employee Retirement Income Security Act of 1974, (hereinafter "ERISA"), as amended, §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145; and the Labor Management Relations Act, (hereinafter "LMRA"), as amended, § 301, 29 U.S.C. § 185; derivative jurisdiction is contained in 28 U.S.C. §§ 1331 and 1337.

  2.  Venue within this district is proper pursuant to LMRA § 301, 29 U.S.C. § 185;

ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## NATURE OF ACTION

3. This action is brought, inter alia, in accordance with the requirements of the LMRA § 302, as amended, 29 U.S.C. § 186 ("Taft-Hartley" plans) to enforce the relevant provisions of the jobsite agreement, applicable collective bargaining agreements, and statutory obligations imposed on Defendant by ERISA § 515, 29 U.S.C. §1145, and LMRA § 301(a), 29 U.S.C. § 185(a).

## PARTIES

4. Plaintiffs, TRUSTEES of the INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 28 BENEFIT FUNDS and PLANS, individually named herein as SHEET METAL WORKERS LOCAL UNION NO. 28 VACATION FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 WELFARE FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 ANNUITY FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 PENSION FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 JOINT LABOR MANAGEMENT FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 EDUCATION FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 SCHOLARSHIP FUND, (hereinafter "ERISA FUNDS") are, at all relevant times, employee benefit plans as defined in ERISA § 3(1) and (2), 29 U.S.C. §1002(1) and (2), established and maintained by employers engaged in commerce and by a labor organization representing employees engaged in commerce and in an industry affecting commerce, which, further, qualify as multi-employer plans within the meaning of ERISA § 3(37)(A), 29 U.S.C. §1002(37)(A). The ERISA FUNDS maintain their office at 195 Mineola

Boulevard, Mineola, New York 11501.

5. Plaintiffs, SHEET METAL WORKERS LOCAL UNION NO. 28 ASSESSMENTS FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 POLITICAL ACTION FUND, and SHEET METAL WORKERS LOCAL UNION NO. 28 BUILDING FUND (hereinafter "UNION FUNDS" and, collectively with the ERISA FUNDS, hereinafter referred to as the "FUNDS") are contractually-generated funds created pursuant to the relevant collective bargaining agreement ("CBA") between Plaintiff, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 28, AFL-CIO, and non-parties Sheet Metal & Air Conditioning Contractors Association of New York City, Inc. and SMACNA of Long Island, Inc.  The UNION FUNDS maintain their office at 195 Mineola Boulevard, Mineola, New York 11501.

6. Plaintiff, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 28, AFL-CIO, (hereinafter "LOCAL 28" or "UNION") is a labor organization affecting commerce as defined by LMRA § 152(5) as well as ERISA § 1002(4) representing individuals who performed work for Defendant, JT&T AIR CONDITIONING CORP.  LOCAL 28 maintains an office at 500 Greenwich Street, Suite 502, New York, New York 10013.

7. Upon information and belief, Defendant, JT&T AIR CONDITIONING CORP., (hereinafter "JT&T" or "EMPLOYER"), is and was, at all relevant times, a domestic New York corporation transacting business pursuant to the laws of the State of New York with its principal place of business at 6454 Maurice Avenue, Flushing, New York, 11378.

8. JT&T is, and was at all relevant times, engaged in an industry affecting commerce and an "employer" within the meaning of the National Labor Relations Act, (hereinafter "NLRA"),

3

§§ 2(2) and 301(a), 29 U.S.C. 152(a) and 185(a), and ERISA §§ 3(5) and 515, 29 U.S.C. 1002(5) and 1145.

## FACTS

9. The EMPLOYER has, at all times relevant to this action, been a party to a CBA with the UNION governing the wages, hours and working conditions of certain of its employees.

10. At all times relevant to this action, the CBA has required JT&T to make contributions to the FUNDS and LOCAL 28 on behalf of its employees who are covered by the CBA, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBA.

11. By way of executing the CBA, JT&T agreed to be bound by the provisions of the FUNDS' Collection Policy, By-Laws, and the Agreement and Declaration of Trust governing the various FUNDS.

12. The CBA and the Agreement and Declaration of Trust governing the various ERISA FUNDS provide that if JT&T fails to remit contributions by the date due, the EMPLOYER is liable to the ERISA FUNDS for: (A) the delinquent contributions; (B) interest on delinquent contributions at the prime rate plus twelve percent (12%) with a minimum of fifteen percent (15%) per year following a five (5) day grace period; (C) liquidated damages of twenty percent (20%) on unpaid contributions; and (D) the ERISA FUNDS' attorneys' fees and costs.

13. The CBA further requires JT&T to submit a weekly remittance report to the FUNDS providing the name and hours worked for each worker employed by JT&T on whose behalf employee benefit contributions are made.

14. The CBA requires signatory employers to submit to periodic audits of their books and records in order to determine whether the employers have made the contributions they are

obligated to make pursuant to the collective bargaining agreements.

15. JT&T employed individuals covered by the terms of the CBA for the period from January 2014 to date and was accordingly required to remit fringe benefit contributions to the Funds on behalf of these employees.

16. PLAINTIFFS have attempted to audit JT&T for the audit period from January 2014 to date. To date, JT&T has not submitted its books and records to an audit.

## **COUNT I – ERISA**

17. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "16" of this Complaint with the same force and effect as though the same were set forth at length herein.

18. Section 515 of ERISA, 29 U.S.C. § 1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

19. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates the following:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515] in which a judgment in favor of the plan is awarded, the court shall award the plan,
>
> (a) the unpaid contributions,
>
> (b) interest on the unpaid contributions,
>
> (c) an amount equal to the greater of
>
> > (i) interest on the unpaid contributions; or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions],

    (d) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

    (e) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan[.]

20.    JT&T, by virtue of its failure to submit the records required to determine whether the defendant has made the contributions it is obligated to make pursuant to the collective bargaining agreements, has violated Section 515 of ERISA, 29 U.S.C. §1145.

21.    Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless defendant is ordered specifically to perform all obligations on its part required to be performed under the collective bargaining agreements.

22.    JT&T, by virtue of its failure to submit to an audit, is subject to an injunction ordering it to immediately submit its books and records for an audit covering the period of January 2014 to date and requiring it to pay any contributions due according to the audit, interest, liquidated damages, audit fees, attorneys' fees and costs.

## **COUNT II – LMRA**

23.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "22" of this Complaint with the same force and effect as though the same were set forth at length herein.

24.    Section 301 of the LMRA, 29 USC § 185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

25.    JT&T, by virtue of its failure to submit to an audit has violated the CBA and the

Agreement and Declaration of Trust governing the various FUNDS, which is incorporated into the CBA.

26. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless defendant is ordered specifically to perform all obligations on its part required to be performed under the collective bargaining agreements.

27. JT&T, by virtue of its failure to submit to an audit, is subject to an injunction ordering it to immediately submit its books and records for an audit covering the period of January 2014 to date and requiring it to pay any contributions due according to the audit, interest, liquidated damages, audit fees, attorneys' fees and costs.

28. The FUNDS are thus entitled under LMRA Section 301(a) to injunction ordering JT&T to immediately submit its books and records for an audit covering the period of January 2014 to date and requiring it to pay any contributions due according to the audit, interest, liquidated damages, audit fees, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that the Court enter a judgment:

1. Ordering JT&T AIR CONDITIONING CORP., to submit to an audit of its payroll books and records for the period of January 2014 to date;

2. Ordering JT&T AIR CONDITIONING CORP., to pay any (i) delinquencies identified by the audit and (ii) interest on the unpaid contributions; (iii) an amount equal to greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions, and (iv) the costs of the audit;

      3.      Providing such other legal and equitable relief as the Court deems proper.

Dated: December 2, 2020
       Woodbury, NY

                              Respectfully submitted,

                              COLLERAN, O'HARA & MILLS L.L.P.

                              By: /s/ *Thomas P. Keane*
                              Thomas P. Keane (TK4425)
                              Attorneys for Plaintiffs
                              100 Crossways Park Drive West, Suite 200
                              Woodbury, New York 11797
                              (516) 248-5757
                              tpk@cohmlaw.com

cc:     JT&T Air Conditioning Corp.
        6454 Maurice Avenue
        Flushing, NY 11378