UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 28 FUNDS AND PLANS, individually named herein as SHEET METAL WORKERS' LOCAL UNION NO. 28 VACATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 WELFARE FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 ANNUITY FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 PENSION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 JOINT LABOR MANAGEMENT FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 EDUCATION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 SCHOLARSHIP FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 ASSESSMENTS FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 POLITICAL ACTION FUND, SHEET METAL WORKERS' LOCAL UNION NO. 28 BUILDING FUND, and INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS' LOCAL UNION NO. 28, AFL-CIO,

Plaintiffs,

v.

20-CV-10094-LTS-RWL

JT&T AIR CONDITIONING CORP.,

Defendant.

MEMORANDUM OPINION AND ORDER[1]

Plaintiffs, the Trustees of the Sheet Metal Workers' Local Union No. 28 Funds and Plans, individually named herein as Sheet Metal Workers' Local Union No. 28 Vacation Fund, Sheet Metal Workers' Local Union No. 28 Welfare Fund, Sheet Metal Workers' Local

[1] Pincites to documents filed on the docket refer to ECF-paginated pages.

Union No. 28 Supplemental Unemployment Fund, Sheet Metal Workers' Local Union No. 28 Annuity Fund, Sheet Metal Workers' Local Union No. 28 Pension Fund, Sheet Metal Workers' Local Union No. 28 Joint Labor Management Fund, Sheet Metal Workers' Local Union No. 28 Education Fund, Sheet Metal Workers' Local Union No. 28 Scholarship Fund (collectively, the "ERISA Fund Plaintiffs"), Sheet Metal Workers' Local Union No. 28 Assessments Fund, Sheet Metal Workers' Local Union No. 28 Political Action Fund, Sheet Metal Workers' Local Union No. 28 Build Fund (collectively, the "Union Fund Plaintiffs"), and International Association of Sheet Metal, Air, Rail and Transportation Workers' Local Union No. 28, AFL-CIO ("Local 28"), bring this two-count action against Defendant JT&T Air Conditioning Corp. for unpaid contributions under section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145 (Westlaw through P.L. 119-111), and breach of collective bargaining agreements under 29 U.S.C. § 185. (Docket entry no. 41.) The Court has subject matter jurisdiction under 28 U.S.C. section 1331 and 29 U.S.C. sections 185 and 1132(e)(1).

Before the Court are the parties' cross-motions for summary judgment under Federal Rule of Civil Procedure 56. (Docket entry nos. 43, 46, 47, 48.) The Court has considered carefully the parties' submissions. (Docket entry no. 44 ("Defs. Mem."); docket entry no. 45 ("Defs. 56.1 St."); docket entry no. 54 ("Pl. Opp."); docket entry no. 50 ("Pl. Counterst. to Def. 56.1 St."); docket entry no. 55 ("Def. Reply"); docket entry no. 49 ("Pl. Mem."); docket entry no. 50 ("Pl. 56.1 St."); docket entry no. 52 ("Def. Opp."); docket entry no. 53 ("Def. Counterst. to Pl. 56.1 St."); docket entry no. 56 ("Pl. Reply").) For the reasons discussed below, Defendant's motion for summary judgment is denied, Plaintiffs' motion for summary judgment is granted, and judgment is entered in favor of Plaintiffs.

## I. BACKGROUND

The following background is, unless otherwise noted, drawn from the undisputed facts in the pleadings and documentary exhibits submitted by the parties.[2]

Under ERISA, the ERISA Fund Plaintiffs are both employee benefit plans and multi-employer plans. (Pl. Counterst. to Def. 56.1 St. ¶ 3.) The Union Fund Plaintiffs are funds created pursuant to the collective bargaining agreements between Local 28 and non-parties Sheet Metal & Air Conditioning Contractors Association of New York City, Inc. and SMACNA of Long Island Inc. (Id. ¶ 4.) The Building Trades Agreements are the collective bargaining agreements between Local 28 and Sheet Metal & Air Conditioning Contractors Association of New York City, Inc. and SMACNA of Long Island Inc. (Def. Counterst. to Pl. 56.1 St. ¶ 28.) Defendant is bound to the Building Trades Agreements and, under those agreements, Defendant

[2] Citations to the parties' Local Rule 56.1 statements incorporate by reference the documents and deposition testimony cited therein. See S.D.N.Y. Local Civil Rule 56.1(d). Likewise, citations to the parties' briefs incorporate by reference the citations to the materials and exhibits cited therein. Generally speaking, where facts stated in a party's Local Rule 56.1 Statement are supported by testimonial or documentary evidence, and denied with only a conclusory statement by the other party, the Court finds such facts to be undisputed. See S.D.N.Y. Local Civil Rule 56.1(c), (d); Biberaj v. Pritchard Indus., Inc., 859 F. Supp. 2d 549, 553 n.3 (S.D.N.Y. 2012). When a nonmoving party fails to respond to a Local Civil Rule 56.1 Statement, the court is "permit[ted] . . . to conclude that the facts asserted in the statement are uncontested and admissible." T.Y. v. N.Y.C. Dep't of Educ., 584 F.3d 412, 418 (2d Cir. 2009). However, "[b]efore summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." Jackson v. Fed. Exp., 766 F.3d 189, 194 (2d Cir. 2014). "In so doing, the Court may rely on other evidence in the record even if uncited." Id. (citing Fed. R. Civ. P. 56(c)(3)).

must remit contributions to the ERISA Fund Plaintiffs and the Union Fund Plaintiffs, and submit to periodic audits of its books and records. (Id. ¶¶ 28-30.)

On June 11, 2018, Plaintiffs requested an audit of Defendant's books and records. (Pl. Counterst. to Def. 56.1 St. ¶ 9.) On October 9, 2020, Plaintiffs again requested an audit of Defendant's books and records. (Id. ¶ 10.) Defendant did not comply with these audit requests. (Def. Counterst. to Pl. 56.1 St. ¶ 34.) On December 2, 2020, Plaintiffs commenced the instant action, seeking an audit of Defendant's books and records and remittance of any unpaid contributions identified by the audit. (Docket entry no. 1.)

On March 3, 2022, the parties filed a joint status letter informing the Court that Defendant had submitted its books and records for Plaintiffs' review. (Docket entry no. 33.) As a result, the Court "propose[d] to administratively dismiss the case without prejudice to reinstatement at a later time upon completion of the audit or defendant's failure to comply with audit requirements." (Docket entry no. 33, at 2.) The parties agreed to the Court's proposal, and this action was closed. (Docket entry no. 35.)

On February 13, 2024, Plaintiffs' auditor issued an audit report for the period of January 2014 through June 2022. (Pl. Counterst. to Def. 56.1 St. ¶ 19.) After some discussion between Plaintiffs and Defendant, Plaintiffs' auditor issued a final, amended audit report on October 10, 2025 (the "Audit Report"). (Id. ¶¶ 22-23.) The Audit Report (docket entry no. 47-19) determined that Defendant was liable for a total of $184,576.92 in unpaid contributions, interest thereon, and liquidated damages because Defendant had subcontracted covered work to a non-union subcontractor. (Def. Counterst. to Pl. 56.1 St. ¶¶ 32-33, 46.) Plaintiffs demanded that Defendant pay the amount calculated in the Audit Report, but Defendant refused. (Id. ¶¶ 47-48.) On November 5, 2025, Plaintiffs moved to reopen this action. (Docket entry no. 36.) The Court

granted that request, and Plaintiffs filed an Amended Complaint, which alleges unpaid contributions in violation of 29 U.S.C. § 1145 and breach of the Building Trade Agreements in violation of 29 U.S.C. § 185. (Docket entry nos. 37, 41.)

## II. Discussion

Both parties move for summary judgment. Summary judgment is to be granted in favor of a moving party if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is considered material if it "'might affect the outcome of the suit under the governing law,'" and an issue of fact is a genuine one where "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," Caladora v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (citation modified), and "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004) (citation modified). Nonetheless, on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," Overton v. N.Y. State Div. of Military & Naval Affairs, 373 F.3d 83, 89 (2d Cir. 2004), and the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (citation modified). Where the party opposing summary judgment "fails to properly address [the moving] party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ.

P. 56(e)(2). The same legal standards apply when analyzing cross-motions for summary judgment. Morales v. Quintel Ent., Inc., 249 F.3d 115, 121 (2d Cir. 2001) (citation modified). "[E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Id.

Under 29 U.S.C. section 1145, employers are required to make benefit contributions in accordance with the terms of a collective bargaining agreement. Defendant's sole argument in opposition to Plaintiffs' section 1145 claim is that Plaintiffs' claims for the relevant years are barred by the statute of limitations. Because the Court finds that Plaintiffs' claims are timely and because Defendant does not dispute its liability or the amount of damages, summary judgment is granted in favor of Plaintiffs.

A. Statute of Limitations

Both parties move for summary judgment on the issue of whether Plaintiffs' claims are barred by the applicable statute of limitations. Because 29 U.S.C. § 1145 does not prescribe a statute of limitations, the Court looks to the most analogous state law, which is contract law, to determine the applicable limitations period. See Mason Tenders Dist. Council Welfare Fund v. LJC Dismantling Corp., 400 F. Supp. 3d 7, *17 (S.D.N.Y. 2019). In New York, the statute of limitations for contract actions is six years. Id. at *18. Plaintiffs' Amended Complaint, which was filed on December 22, 2025, relates back to Plaintiffs' Complaint, which was filed on December 2, 2020.[3] Fed. R. Civ. P. 15(c)(1)(B). Thus, Plaintiffs' claims are time-barred if they accrued prior to December 2, 2014.

Although state law governs the limitations period, federal law governs when that period begins to run (i.e., when a claim accrues). See Mason, 400 F. Supp. 3d at *18. Under

---

[3] Plaintiffs' Amended Complaint brings a new claim for unpaid contributions from December 2020 through June 2022. Because this claim arose after the filing of the

federal common law, "a claim for delinquent contribution accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." Id. (citation modified). "[T]he crucial question is when the Funds had sufficient notice of probable discrepancies in the employer's contribution reports that the concept of due diligence required them to investigate." Id. (citation modified).

Defendant argues that Plaintiffs were on inquiry notice as early as January 2014 because, at that time, Defendant failed to submit records of covered work or make remit contributions. (Docket entry no. 44, at 12; docket entry no. 55, at 7.) There is no evidence, however, that Defendant's failure to submit its records in the first place should have alerted Plaintiffs to the possibility that Defendant subcontracted non-union labor or owed contributions.[4] On the contrary, Plaintiffs have proffered evidence that they were unaware that Defendant owed contributions in the first place because Defendant subcontracted non-union labor and refused to provide its records. (Def. Counterst. to Pl. 56.1 St. ¶¶ 33-34.) Without Defendant's records, Plaintiffs could not have known nor had reason to know that Defendant subcontracted non-union labor and owed contributions. See Trs. of New York City Dist. Council of Carpenters Pension

original Complaint, it is properly characterized as a supplemental, rather than amended, claim. See Kleeberg v. Eber, 331 F.R.D. 302, 315 (S.D.N.Y. 2019) (citing Fed. R. Civ. P. 15(d)). Although Rule 15(d) does not mention relation back, courts have nonetheless applied the relation back principle to new claims added by Rule 15(d). In re Asbestos Prods. Liab. Litig., 611 F. App'x 86, 91 n.6 (3d Cir. 2015); 6A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1508 (3d ed. 2026). In any event, even if those new claims did not relate back, they would be within the six-year statute of limitations based on the filing of the Amended Complaint on December 22, 2025.

4 Defendant points to a provision of the Building Trade Agreements that requires employers to submit reconciliation reports "by the twentieth (20th) of the month following the month when covered employment was performed." (Docket entry no. 55, at 7.) The flaw in Defendant's argument, however, is that it presumes that Plaintiffs knew or should have known that Defendant was engaging "covered employment." There is no evidence that Plaintiffs knew or should have known that fact because Defendant subcontracted non-union labor and did not file any reports.

Fund v. Halcyon Constr. Corp., No. 15-CV-1191-PGG, 2017 WL 5643603, at *7 (S.D.N.Y. Mar. 31, 2017) (finding ERISA claim timely at summary judgment where "[plaintiffs] have offered evidence demonstrating that—without access to Defendant's internal payroll records—they could not detect delinquent contributions").[5]

Accordingly, as to the statute of limitations issue, Defendant's motion for summary judgment is denied and Plaintiffs' motion for summary judgment is granted.

B. Damages

Under 29 U.S.C. section 1132(g)(2), Plaintiffs are entitled to the unpaid contributions, interest on the unpaid contributions, further damages, reasonable attorneys' fees and costs, and other legal or equitable relief the Court deems appropriate. Below, the Court addresses each of these elements of damages, finding that Plaintiffs are entitled to: (1) $93,268.46 for unpaid contributions; (2) at least $72,654.77 for interest on the unpaid contributions; (3) at least $18,632.69 in further damages; (4) $3,286.25 in audit costs; and (5) post-judgment interest under 28 U.S.C. section 1961. Plaintiffs may also bring a later motion for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2).

i. The Unpaid Contributions

Defendant does not dispute its liability for unpaid contributions, nor does Defendant dispute the Audit Report's determination that Defendant owed $93,268.46 in unpaid

5 Defendant cites Trustees of the United Plant v. C.P. Perma Paving Construction, Inc. for the proposition that "the first incident of non-payment to the Funds may have been sufficient to place the plaintiff Trustees on notice of the defendants' alleged breach." No. 15-CV-1171-AMD-SMG, 2016 WL 1029507, at *4 (E.D.N.Y. Mar. 9, 2016); (docket entry no. 55, at 8-9). In that case, there was a factual issue of whether the plaintiffs were on inquiry notice as a result of defendant's non-payment. Here, the record shows that Plaintiffs could not have been because, without Defendant's books and records, there was no way for Plaintiffs to know or have reason to know that Defendant owed contributions.

contributions. (Def. Counterst. to Pl. 56.1 St. ¶¶ 32-33, 46.) Accordingly, Plaintiffs are entitled to $93,268.46 for unpaid contributions. See Annuity, Welfare, Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Eng'rs, Loc. 15, 15A, 15C, & 15D v. Persico Contracting & Trucking, Inc., No. 10-CV-5221-JGK, 2011 WL 2848151, at *4 (S.D.N.Y. July 15, 2011) (awarding damages on summary judgment in ERISA case where defendant did not object to or contradict plaintiff's audit report).

ii. Interest on the Unpaid Contributions

Plaintiffs are entitled to prejudgment interest on the delinquent contributions. 29 U.S.C. § 1132(g)(2)(B). "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26." 29 U.S.C. § 1132(g)(2). Here, the Building Trades Agreements provide that interest accrues at the prime rate plus 12%, with a minimum rate of 15%, per year. (Def. Counterst. to Pl. 56.1 St. ¶ 50.) Using that interest rate, the Audit Report determined that Defendant owed $72,654.77 in interest, as of October 10, 2025. (Id. ¶ 46.) Plaintiffs are directed to settle an order that includes recomputed interest using the interest rate provided by the Building Trades Agreements.

iii. Further Damages

ERISA provides that a plan prevailing in a section 1145 action for delinquent contributions is entitled to further damages in "an amount equal to the greater of . . . (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions]." 29 U.S.C. § 1132(g)(2)(C). Here, the ERISA Fund Plaintiffs and Union Fund Plaintiffs seek liquidated damages in the amount of 20 percent of the unpaid contributions, as provided in the relevant collective bargaining agreement (docket entry no. 41, at 7), and Defendant admits that such liquidated damages are owed by delinquent

employers. (Def. Counterst. to Pl. 56.1 St. ¶ 50 (admitting that delinquent employers are liable for all collection-related costs).) Plaintiffs will be awarded the 20 percent liquidated damages as computed by the auditor and provided for in the agreements. (Id.; see also id. ¶ 46.).

iv. Audit Costs

Under 29 U.S.C. section 1132(g)(2), Plaintiffs are entitled to "costs" and "other legal or equitable relief as the court deems appropriate," including the costs of the audit, which amounted to $3,286.25. (Docket entry nos. 46-1 ¶ 18); see Trs. of Loc. 7 Tile Indus. Welfare Fund v. Top Stone & Tile Inc., No. 24-CV-7567-MKB-VMS, 2025 WL 3461041, at *10 (E.D.N.Y. Aug. 15, 2025) (awarding audit costs), supplemented, 2026 WL 614721 (E.D.N.Y. Jan. 30, 2026), and report and recommendation adopted, 2026 WL 609388 (E.D.N.Y. Mar. 4, 2026).

v. Attorneys' Fees and Costs

Plaintiffs are entitled to "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1332(g)(2)(D); (see also Def. Counterst. to Pl. 56.1 St. ¶ 50). Any motion for attorneys' fees and expenses may be made pursuant to Federal Rule of Civil Procedure 54(d)(2) and shall set forth the relevant time and expense records and billing rates. The Clerk of Court shall tax costs against Defendant in accordance with Federal Rule of Civil Procedure 54(d)(1).

vi. Post-Judgment Interest

Finally, Plaintiffs are entitled to post-judgment interest under 28 U.S.C. section 1961. Merhej v. I.C.S. Int'l Custody Sys., Inc., No. 13-CV-0869-JGK-FM, 2014 WL 104908, at *5 (S.D.N.Y. Jan. 9, 2014) ("[A]n award of post-judgment interest on money damages is mandatory in federal court, even when a plaintiff fails to request such relief.") (citing Bleecker v. Zetian Systems, Inc., No. 12-CV-2151-DLC-SN, 2013 WL 5951162, at *2 (S.D.N.Y. Nov. 1, 2013)), report and recommendation adopted, 2014 WL 948108 (S.D.N.Y. Mar. 11, 2014). Post-

judgment interest shall accrue on the total award (i.e., the sum of: the unpaid contributions, the pre-judgment interest on the unpaid contributions, the further damages, the audit costs, and the attorneys' fees and costs (once a motion for attorneys' fees and costs is brought)) beginning from the date of judgment and at the rate set forth in 28 U.S.C. section 1961. See Trs. of Mosaic & Terrazzo Welfare, Pension, Annuity, & Vacation Funds v. Elite Terrazzo Flooring, Inc., No. 18-CV-1471-CBA-CLP, 2021 WL 7186728, at *3 (E.D.N.Y. Nov. 9, 2021) (awarding post-judgment interest on a damages award for unpaid contributions), report and recommendation adopted, 2022 WL 595258 (E.D.N.Y. Feb. 28, 2022); Brady v. Wal-Mart Stores, Inc., No. 03-CV-3843-JO, 2010 WL 4392566, at *9 (E.D.N.Y. Oct. 29, 2010) ("[P]ost-judgment interest is available for an award of attorneys' fees arising out of a judgment in the district court.").

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is denied and Plaintiffs' motion for summary judgment is granted in its entirety. Plaintiff is directed to file a proposed order specifying its damages, which the Court understands to be (1) $93,268.46 for unpaid contributions; (2) interest on the unpaid contributions through a date seven days after the filing of the proposed order (the precise amount must be specified in the order); (3) liquidated damages of $18,632.69; and (4) $3,286.25 in audit costs. Any counter-proposed order shall be filed within three days of the filing of the proposed order, and the Court will resolve any dispute on submission. The Court will enter the order and judgment thereon promptly. Post-judgment interest shall accrue at the rate set forth in 28 U.S.C. section 1961. The Clerk of Court shall tax other costs in accordance with Federal Rule of Civil Procedure 54(d)(1). Plaintiffs may move for attorney's fees and related nontaxable expenses in accordance with Federal Rule of Civil

Procedure 54(d)(2); the motion must be accompanied by evidence of the relevant time and expense records and billing rates.

Docket entry nos. 43, 46, 47, and 48 are resolved.

SO ORDERED.

Dated: New York, New York
September 29, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge